IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **VICKI WILCOX**<br>   *and*<br>**TERESA KETNER**<br>   *and*<br>**GENEVA BERRY**,<br>             *Plaintiffs*,<br><br>——— *vs.* ———<br><br>**MILLER COUNTY, MISSOURI**<br>c/o Clayton Jenkins, County Clerk<br>2001 Mo. Hwy. 52<br>Tuscumbia, MO 65082,<br>   *and*<br>**SHERIFF WILLIAM ABBOTT**<br>Miller County Sheriff's Office<br>1999 Mo. Hwy. 52<br>Tuscumbia, MO 65082,<br>   *and*<br>**RYAN S. COLE**<br>30 Patterson Loop<br>Ulman, MO 65083<br>   *and*<br>**UNKNOWN JAILER "DEB"**<br>Miller County Sheriff's Office<br>1999 Mo. Hwy. 52<br>Tuscumbia, MO 65082,<br>             *Defendants*. | Case № **2:13-cv-4110**<br><br>**Jury Trial Demanded** |

**COMPLAINT**

**COME NOW** Plaintiffs, by the undersigned counsel, and for their cause of action state as follows:

JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. § 1331, this Court has subject-matter jurisdiction because of the federal-question claims asserted here-

in.

2. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction of the state-law claims asserted herein because those claims are so related to said federal-question claims that they form part of the same case or controversy.

3. Venue is proper in this division of this judicial district because, pursuant to 28 U.S.C. § 1391(b)(1), all of the defendants are residents thereof. Such venue is also proper pursuant to § 1391(b)(2) because the events giving rise to this cause of action occurred in this district.

PARTIES

4. At all times relevant to this action, each Plaintiff was a citizen and resident of the State of Missouri, and was a pretrial detainee in the Miller County Jail in Tuscumbia, Miller County, Missouri.

5. At all times relevant to this action, Defendant Miller County was a division of the State of Missouri, duly organized under Missouri law, and each of the other individual defendant's acts and omissions complained of herein represent those of an official policy or governmental custom of Defendant Miller County.

6. At all times relevant to this action, Defendant Abbott was a citizen and resident of the State of Missouri who was the duly qualified, elected, and acting Sheriff of Miller County, Missouri, and who was the chief administrative officer of the Miller County Jail, and as such was the policymaker thereof as to Defendant Miller County. Defendant Abbott is sued herein in his individual

— 2 —

and official capacities to the full extent permitted by law.

7. At all times relevant to this action, Defendant Ryan S. Cole was a citizen and resident of the State of Missouri, and was employed by Defendants Abbott and Miller County as a jailer at the Miller County Jail. Defendant Cole is sued herein in his individual and official capacities to the full extent permitted by law.

8. At all times relevant to this action, Defendant Unknown Jailer "Deb" was a citizen and resident of the State of Missouri, and was employed by Defendants Abbott and Miller County as a jailer at the Miller County Jail. Defendant "Deb" is sued herein in her individual and official capacities to the full extent permitted by law.

9. At all times relevant to this action, Defendants acted under color of Missouri law.

FACTS COMMON TO ALL COUNTS

10. In or about the month of May, 2011, Plaintiffs were held by Defendants as pre-trial detainees in the Miller County Jail in Tuscumbia, Miller County, Missouri.

11. During the time of Plaintiffs' said detention, Defendants Miller County and Abbott employed Defendants Cole and "Deb" as jailers in the Miller County Jail.

12. Upon information and belief, Plaintiffs and other inmates complained to Defendant Abbott, personally, and his subordinates that Defendant Cole was making unwanted sexual contact with Plaintiffs and other inmates during Plaintiffs' detention in the Miller County Jail.

— 3 —

13. Upon information and belief, Plaintiffs and other inmates complained to Defendant Abbott and his subordinates that Defendant "Deb" acted in concert with Defendant Cole by allowing Defendant Cole access to the female inmates' jail cells in order for Cole to make said unwanted sexual contact with Plaintiffs and other inmates during Plaintiffs' detention in the Miller County Jail.

14. Upon information and belief, Defendant Abbott failed to acknowledge and investigate said complaints, and failed to take steps to protect inmates, including Plaintiffs, from such acts.

15. Upon information, and belief, Defendants Abbott and Miller County failed to adequately train jailers, including Defendants Cole and "Deb," to not make sexual contact with inmates.

16. Upon information, and belief, Defendants Abbott and Miller County failed to supervise jailers, including Defendants Cole and "Deb," to ensure that they did not make sexual contact with inmates.

17. In or about the month of May, 2011, Defendant Cole threatened to, and in fact forced Plaintiffs Wilcox and Ketner to submit to his sexual advances through the coercive power of his position as a jailer by which he could grant or withhold privileges to detainees, ultimately culminating in Cole committing acts of deviate sexual intercourse with said Plaintiffs against their will in exchange for the grant of certain privileges and under threat of the withholding of certain privileges if they did not submit thereto.

— 4 —

18. In or about the month of May, 2011, Defendant "Deb" granted Defendant Cole unauthorized access to the interior of Plaintiff Berry's cell, wherein Defendant Cole threatened to, and in fact masturbated and ejaculated into and onto Plaintiff Berry's face against her will after she refused Defendant Cole's demand that she stroke his penis with her hand.

19. Following said assaults and batteries, Defendants Cole and "Deb" threatened Plaintiffs with reprisal if they spoke thereof.

20. Following said assaults and batteries, Plaintiffs told Defendant Abbott about said sexual contact, but Defendant Abbott also threatened Plaintiffs with reprisal if they spoke thereof to anyone else.

21. The State of Missouri brought a criminal prosecution against Defendant Cole based on said conduct, culminating in Cole's knowing and voluntary plea of guilty to two counts of the Class-D felony of Sexual Contact With Inmate by Jail Official, codified at Mo. Rev. Stat. § 566.145.

22. Based on Plaintiffs' complaints regarding Defendant Cole and "Deb," as well as complaints made by other inmates against said defendants and other jailers, Defendants Miller County and Abbott were aware that Defendants Cole and "Deb" were significant threats to Plaintiffs and other inmates, but nevertheless took no steps to prevent Defendant Cole from committing sex crimes against Plaintiffs, or to prevent Defendant "Deb" from allowing Defendant Cole to do so.

──────────────── END OF FACTS COMMON TO ALL COUNTS ────────────────

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF 42 U.S.C. § 1983 — DELIBERATE INDIFFERENCE

23. Plaintiffs incorporate herein the foregoing facts common to all counts.

24. Defendant Cole forced Plaintiffs Wilcox and Ketner to submit to acts of deviate sexual intercourse under coercion and against their will.

25. Defendant "Deb" granted Defendant Cole unauthorized access to the interior of Plaintiff Berry's cell, wherein Defendant Cole masturbated and ejaculated into and onto Plaintiff Berry's face under coercion and against her will.

26. Defendants Miller County and Abbott were aware of the substantial risk that Defendants Cole and "Deb" would engage in such conduct.

27. Defendants Miller County and Abbott, with deliberate indifference to Plaintiffs' needs to be protected from such conduct, failed to protect Plaintiffs therefrom.

28. As a result of such conduct, Plaintiffs have been damaged.

29. At all times, Defendants Miller County, Abbott, Cole, and "Deb" acted under color of Missouri law.

30. Based on the foregoing acts and omissions, all of which were malicious and recklessly indifferent, Plaintiffs should be awarded punitive damages.

31. Pursuant to 42 U.S.C. § 1988, Plaintiffs should be awarded

their reasonable attorney fees in addition to all of their costs.

**WHEREFORE,** Plaintiffs pray for judgment in Count I for:

A. Actual damages in a fair and reasonable amount, together with interest as allowed by law;

B. Punitive damages;

C. Plaintiffs' reasonable attorney fees, together with all costs; and

D. Any other relief consistent with substantial justice.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1983 — FAILURE TO TRAIN

32. Plaintiffs incorporate herein the foregoing facts common to all counts.

33. Defendants Cole and "Deb" violated Plaintiffs' constitutional rights by forcing them to submit to sexual contact under coercion and against their will.

34. The training policies of Defendants Miller County and Abbott were not adequate to ensure that there would be no sexual contact between jailers, such as Defendants Cole and "Deb," and pre-trial detainees, such as Plaintiffs.

35. Defendants Miller County and Abbott were deliberately indifferent to the obvious consequences of said inadequate training policies, which consequences included said unwanted sexual contact between Defendant Cole and Plaintiffs.

36. As a direct result of the failure of Defendants Miller County and Abbott to have adequate training policies to ensure that there would be no sexual contact between jailers and pre-

— 7 —

trial detainees, such contact occurred between Defendant Cole and Plaintiffs, and Plaintiffs have thus been damaged.

37. At all times, Defendants Miller County and Abbott acted under color of Missouri law.

38. Based on the foregoing acts and omissions, all of which were malicious and recklessly indifferent, Plaintiffs should be awarded punitive damages.

39. Pursuant to 42 U.S.C. § 1988, Plaintiffs should be awarded their reasonable attorney fees in addition to all of their costs.

**WHEREFORE**, Plaintiffs pray for judgment in Count II for:

A. Actual damages in a fair and reasonable amount, together with interest as allowed by law;

B. Punitive damages;

C. Plaintiffs' reasonable attorney fees, together with all costs; and

D. Any other relief consistent with substantial justice.

## COUNT III
### VIOLATION OF 42 U.S.C. § 1983 — FAILURE TO SUPERVISE

40. Plaintiffs incorporate herein the foregoing facts common to all counts.

41. Defendants Cole and "Deb" violated Plaintiffs' constitutional rights by forcing them to submit to sexual contact under coercion and against their will.

42. Defendants Miller County and Abbott knew or should have known that Defendants Cole and "Deb" would violate Plaintiffs' said constitutional rights as aforesaid.

— 8 —

43. Defendants Miller County and Abbott failed to supervise and prevent Defendants Cole and "Deb" from violating Plaintiffs' said constitutional rights.

44. As a direct result of the failure of Defendants Miller County and Abbott to supervise and prevent Defendants Cole and "Deb" from violating Plaintiffs' said constitutional rights, Plaintiffs have been damaged.

45. At all times, Defendants Miller County and Abbott acted under color of Missouri law.

46. Based on the foregoing acts and omissions, all of which were malicious and recklessly indifferent, Plaintiffs should be awarded punitive damages.

47. Pursuant to 42 U.S.C. § 1988, Plaintiffs should be awarded their reasonable attorney fees in addition to all of their costs.

**WHEREFORE**, Plaintiffs pray for judgment in Count III for:

A. Actual damages in a fair and reasonable amount, together with interest as allowed by law;

B. Punitive damages;

C. Plaintiffs' reasonable attorney fees, together with all costs; and

D. Any other relief consistent with substantial justice.

## COUNT IV
### VIOLATION OF 42 U.S.C. § 1983 — USE OF EXCESSIVE FORCE

48. Plaintiffs incorporate herein the foregoing facts common to all counts.

49. Defendants Cole and "Deb" violated Plaintiffs' constitu-

tional rights by forcing them to submit to sexual contact against their will.

50. Such acts comprise the use of force which was not necessary to maintain order and discipline within the Miller County Jail, and therefore was the use of unconstitutionally excessive force.

51. As a direct result of said defendants' use of excessive force, Plaintiffs have been damaged.

52. Based on the foregoing acts, all of which were malicious and recklessly indifferent, Plaintiffs should be awarded punitive damages.

53. Pursuant to 42 U.S.C. § 1988, Plaintiffs should be awarded their reasonable attorney fees in addition to all of their costs.

**WHEREFORE**, Plaintiffs pray for judgment in Count IV for:

A. Actual damages in a fair and reasonable amount, together with interest as allowed by law;

B. Punitive damages;

C. Plaintiffs' reasonable attorney fees, together with all costs; and

D. Any other relief consistent with substantial justice.

## COUNT V

### ASSAULT — DEFENDANTS COLE AND "DEB"

54. Plaintiffs incorporate herein the foregoing facts common to all counts.

55. Defendants Cole and "Deb" threatened Plaintiffs with physical contact under coercion and against their will, which said defendants knew or should have known would place Plaintiffs in

apprehension of bodily harm or offensive contact.

56. Said defendants' said threats in fact placed Plaintiffs in apprehension of bodily harm or offensive contact.

57. As a direct result of said defendants' said threat, Plaintiffs have been damaged.

58. Based on the foregoing acts, all of which were malicious and recklessly indifferent, Plaintiffs should be awarded punitive damages.

59. Pursuant to 42 U.S.C. § 1988, Plaintiffs should be awarded their reasonable attorney fees in addition to all of their costs.

**WHEREFORE**, Plaintiffs pray for judgment in Count V for:

A. Actual damages in a fair and reasonable amount, together with interest as allowed by law;

B. Punitive damages;

C. Plaintiffs' reasonable attorney fees, together with all costs; and

D. Any other relief consistent with substantial justice.

## COUNT VI

### BATTERY — DEFENDANTS COLE AND "DEB"

60. Plaintiffs incorporate herein the foregoing facts common to all counts.

61. Defendants Cole and "Deb" forced Plaintiffs to submit to physical contact under coercion and against their will.

62. Plaintiffs found said physical contact offensive.

63. As a direct result of said defendants' acts, Plaintiffs have been damaged.

— 11 —

64. Based on the foregoing acts, all of which were malicious and recklessly indifferent, Plaintiffs should be awarded punitive damages.

65. Pursuant to 42 U.S.C. § 1988, Plaintiffs should be awarded their reasonable attorney fees in addition to all of their costs.

**WHEREFORE**, Plaintiffs pray for judgment in Count VI for:

A. Actual damages in a fair and reasonable amount, together with interest as allowed by law;

B. Punitive damages;

C. Plaintiffs' reasonable attorney fees, together with all costs; and

D. Any other relief consistent with substantial justice.

## COUNT VII

### NEGLIGENCE – DEFENDANT MILLER COUNTY

66. Plaintiffs incorporate herein the foregoing facts common to all counts.

67. Defendant Miller County owed a duty to Plaintiffs to ensure their safety while detained in the Miller County Jail.

68. Defendant Miller County breached its said duty by allowing circumstances to develop and exist such that Defendant Cole was able to accomplish unlawful sexual contact with Plaintiffs, and such that Defendant "Deb" was able to assist Defendant Cole therewith.

69. As a direct result of Defendant Miller County's breach of said duty to Plaintiffs, Plaintiffs have been damaged.

70. Based on the foregoing acts and omissions, all of which

were malicious and recklessly indifferent, Plaintiffs should be awarded punitive damages.

71. Pursuant to 42 U.S.C. § 1988, Plaintiffs should be awarded their reasonable attorney fees in addition to all of their costs.

**WHEREFORE,** Plaintiffs pray for judgment in Count VII for:

A. Actual damages in a fair and reasonable amount, together with interest as allowed by law;

B. Punitive damages;

C. Plaintiffs' reasonable attorney fees, together with all costs; and

D. Any other relief consistent with substantial justice.

## COUNT VIII

### NEGLIGENCE — DEFENDANT ABBOTT

72. Plaintiffs incorporate herein the foregoing facts common to all counts.

73. Defendant Abbott owed a duty to Plaintiffs to ensure their safety while detained in the Miller County Jail.

74. Defendant Abbott breached his said duty by allowing circumstances to develop and exist such that Defendant Cole was able to accomplish unlawful sexual contact with Plaintiffs, and such that Defendant "Deb" was able to assist Defendant Cole therewith.

75. As a direct result of Defendant Abbott's breach of said duty to Plaintiffs, Plaintiffs have been damaged.

76. Based on the foregoing acts and omissions, all of which were malicious and recklessly indifferent, Plaintiffs should be awarded punitive damages.

77. Pursuant to 42 U.S.C. § 1988, Plaintiffs should be awarded their reasonable attorney fees in addition to all of their costs.

**WHEREFORE,** Plaintiffs pray for judgment in Count VIII for:

A. Actual damages in a fair and reasonable amount, together with interest as allowed by law;

B. Punitive damages;

C. Plaintiffs' reasonable attorney fees, together with all costs; and

D. Any other relief consistent with substantial justice.

## COUNT IX

### NEGLIGENCE — DEFENDANT COLE

78. Plaintiffs incorporate herein the foregoing facts common to all counts.

79. Defendant Cole owed a duty to Plaintiffs to ensure their safety while detained in the Miller County Jail.

80. Defendant Cole breached his said duty by having unlawful sexual contact with Plaintiffs under coercion and against their will.

81. As a direct result of Defendant Cole's breach of said duty to Plaintiffs, Plaintiffs have been damaged.

82. Based on the foregoing acts, all of which were malicious and recklessly indifferent, Plaintiffs should be awarded punitive damages.

83. Pursuant to 42 U.S.C. § 1988, Plaintiffs should be awarded their reasonable attorney fees in addition to all of their costs.

**WHEREFORE,** Plaintiffs pray for judgment in Count IX for:

A. Actual damages in a fair and reasonable amount, together with interest as allowed by law;

B. Punitive damages;

C. Plaintiffs' reasonable attorney fees, together with all costs; and

D. Any other relief consistent with substantial justice.

## COUNT X

### NEGLIGENCE — DEFENDANT "DEB"

84. Plaintiffs incorporate herein the foregoing facts common to all counts.

85. Defendant "Deb" owed a duty to Plaintiffs to ensure their safety while detained in the Miller County Jail.

86. Defendant "Deb" breached her said duty by assisting Defendant Cole in having unlawful sexual contact with Plaintiffs under coercion and against their will.

87. As a direct result of Defendant "Deb's" breach of said duty to Plaintiffs, Plaintiffs have been damaged.

88. Based on the foregoing acts and omissions, all of which were malicious and recklessly indifferent, Plaintiffs should be awarded punitive damages.

89. Pursuant to 42 U.S.C. § 1988, Plaintiffs should be awarded their reasonable attorney fees in addition to all of their costs.

**WHEREFORE,** Plaintiffs pray for judgment in Count X for:

A. Actual damages in a fair and reasonable amount, together with interest as allowed by law;

B. Punitive damages;

— 15 —

C. Plaintiffs' reasonable attorney fees, together with all
costs; and

D. Any other relief consistent with substantial justice.

JURY DEMAND

90. Plaintiffs demand a trial by jury.


Respectfully submitted,

| **HANRAHAN & NACY, P.C.** | **LAKE LAW FIRM, L.L.C.** |
|---|---|
| by: */s/ William P. Nacy* | by: */s/ Thomas G. Pirmantgen* |
| William P. Nacy, MBE #52576<br>522 E. Capitol Ave.<br>Jefferson City, MO 65101<br>Telephone (573) 636-7900<br>Facsimile (573) 556-6340<br>pete@midmolegal.com | Thomas G. Pirmantgen, MBE #52384<br>3401 W. Truman Blvd.<br>Jefferson City, MO 65101<br>Telephone (573) 761-4872<br>Facsimile (573) 761-4220<br>tom@lakelawfirm.com |

*Attorneys for Plaintiffs*